UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| MOHAMMAD SALEEM, ) | CASE NO. 1:12 CV0154 |
| ) | |
| Petitioner, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| vs. ) | |
| ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| ERIC HOLDER, JR., *et al.*, ) | |
| ) | |
| Respondents. ) | |

**Introduction**

*Pro se* petitioner Mohammed Saleem filed the above-captioned habeas corpus action under 28 U.S.C. § 2241. He names as Respondents United States Attorney General Eric Holder, Jr., Secretary of the Department of Homeland Security (DHS) Janet Napolitano, DHS Ohio Field Office Director Mark B. Hansen, and the Warden at Bedford Heights Jail in Ohio. Petitioner seeks immediate release from custody. For the following reasons, the Petition is denied.

**Facts**

The DHS issued a Notice and Order of Expedited Removal (Form I-860) under section 235(b)(1) of the Immigration and Nationality Act (INA) on May 25, 2011. The immigration officer concluded that Petitioner was subject to removal from the United States because he was: (1) not a

United States citizen or national; (2) a native citizen of Pakistan; (3) a nonimmigrant not in possession of a valid nonimmigrant visa or border crossing identification card; and (4) paroled into the United States on February 22, 2005.

Petitioner alleges he was taken into physical custody by Immigration Customs Enforcement (ICE) on or about October 6, 2011. Some time thereafter, an asylum officer interviewed Petitioner. "Immediately" thereafter, Petitioner applied for a "prima facie asylum claim" in the immigration court. A Notice to Appear (NTA), dated October 31, 2011, was issued to Petitioner "after an asylum officer . . . found that the respondent has demonstrated a credible fear of persecution or torture." The NTA ordered Petitioner to appear before an immigration judge and show why he should not be removed from the United States. The date and time of the hearing were "to be calendared." The matter was pending at the time this Petition was filed on January 20, 2012.

**Standard of Review**

Under section 2241(c) of Title 28, habeas jurisdiction "shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A court is required to award an application for writ of habeas corpus "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The Sixth Circuit has consistently held that "[t]he burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner." *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970), *cert. denied* 400 U.S. 906 (1970). Where a habeas petition appears legally insufficient because a prisoner fails to meet his burden, a federal court is authorized to dismiss the petition on its face. *See e.g. McFarland v. Scott*, 512 U.S. 849, 856 (1994).

**Discussion**

Petitioner asserts that the Respondents have violated his rights to substantive and procedural due process, as well as a statutory right to humanitarian parole. Petitioner claims he filed a "formal" request with the DHS for humanitarian release on parole, but has not received a reply. Petitioner believes he has a Constitutional right to a timely and meaningful response to his parole request, and that his continued detention violates his statutory rights as an inadmissable alien to parole for "urgent humanitarian reasons" given that he suffers from severe kidney failure and other physical disabilities.

For the following reasons, the Petition is denied.

As stated above, the DHS determined that Petitioner was inadmissible to the United States and ordered removed. Petitioner thereafter requested asylum, and his continued detention was mandated by statute. During the period of detention while awaiting a decision on a request for asylum, judicial review is limited. *See* 8 U.S.C. §1252. To the extent habeas relief is available, judicial review is limited to determinations of--

> (A) whether the petitioner is an alien,
>
> (B) whether the petitioner was ordered removed under such section, and
>
> (C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 1157 of this title, or has been granted asylum under section 1158 of this title, such status not having been terminated, and is entitled to such further inquiry as prescribed by the Attorney General pursuant to section 1225(b)(1)(C) of this title.

8 U.S.C. §1252(e)(2); *see Brumme v. Immigration Naturalization Serv.*, 275 F.3d 443 (5th Cir.2001). Petitioner does not allege that these determinations are at issue, but challenges his continued detention as unconstitutional.

-3-

An individual in federal custody pending removal may challenge the constitutionality of his confinement pursuant to 28 U.S.C. § 2241. *See Immigration & Naturalization Serv. v. St. Cyr*, 533 U.S. 289, 312 n. 35 (2001). The indefinite detention of a deportable alien is unconstitutional. *See Zadvydas v. Davis*, 533 U.S. 678 (2001). This includes aliens, like Petitioner, "ordered removed who are inadmissible." *Clark v. Martinez,* 543 U.S. 371 (2005).

However, the relevant "removal period" only begins after a final order of removal is issued. *Zadvydas*, 533 U.S. at 682. Once a removal order is in place, a mandatory 90-day statutory removal period is authorized by 8 U.S.C. § 1231(a)(2). At the conclusion of the ninety day period, the alien may be released under the Attorney General's supervision, 8 U.S.C. § 1231(a)(3), or detained beyond the ninety day removal period if he is "inadmissible under section 1182 of this title." 8 U.S.C. § 1231(a)(6). Detention beyond the 90 days must be limited to "a period reasonably necessary to bring about the alien's removal from the United States." *Zadvydas*, 533 U.S. at 689. The *Zadvydas* court held that a six-month detention is presumptively reasonable. *Id*. at 701.

Petitioner is not entitled to a writ of habeas corpus because at the time he filed his Petition, his request for asylum had not yet been denied. Nor is there any indication that his request will be pending "indefinitely." *See Paulis v. Sava*, 544 F.Supp. 819, 821 (S.D.N.Y.1982) ("[T]he Constitution imposes some outer limit on the length of time that [an alien] can be detained while the government processes his case.") Thus, no final order has been issued and the Petition is not presently ripe for consideration.[1] *See Buckley v. Valeo*, 424 U.S. 1, 114 (1976) (per curiam).

---

[1]This does not preclude Petitioner from filing another habeas petition regarding his detention once a final order of removal is issued. A review of the ICE Online Detainee Locator System reveals, however, that Petitioner is no longer listed in ICE custody. *See* https://locator.ice.gov/odls/homePage.do

Additionally, because an alien's entitlement to parole is completely discretionary to the Attorney General, 8 U.S.C. § 1182(d)(5)(A), this Court cannot compel the DHS to issue an immediate response to Petitioner's request.

**Conclusion**

Based on the foregoing, the Petitioner's Motion to Proceed *In Forma Pauperis* (Doc. No. 2) is granted and the Petition is denied. The Court certifies that an appeal from this decision could not be taken in good faith.

        IT IS SO ORDERED.


        /s/ Patricia A. Gaughan
        PATRICIA A. GAUGHAN
        UNITED STATES DISTRICT JUDGE

Dated: 8/28/12